UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMILIO OLMEDO-AGUILAR,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondent.

CASE NO. 2:26-cv-02545-BAT

**ORDER GRANTING HABEAS PETITION AND ORDERING RELEASE WITHIN 24 HOURS**

Petitioner seeks immediate release from immigration custody under 28 U.S.C. § 2241. The Court **GRANTS** the § 2241 habeas petition and **ORDERS** Respondents to release Petitioner from immigration custody within twenty-four (24) hours of the filing of this Order and file a certification of release within forty-eight (48) hours.

1. Plaintiff has lived in the United States for 28 years, is married, has four children who are U.S. citizens, operates a landscaping business, and is the sole support for his family.[1] On May 11, 2017, Petitioner was arrested for misdemeanor assault,[2] served a notice to appear (NTA), and released on May 12, 2017, after posting bond. In April 2019, an immigration judge

---

[1] Respondents indicated they do not know when Petitioner has entered but present no evidence contradicting Petitioner's claims about how long he has lived in the United States, his family or his employment status.

[2] Respondents have not challenged Petitoner's assertion the charge was dismissed.

ORDER GRANTING HABEAS PETITION AND
ORDERING RELEASE WITHIN 24 HOURS - 1

ordered Petitioner removed. Petitioner sought review and in February 2021, the Ninth Circuit dismissed Petitioner's petition for review. In November 2022, Petitioner filed a motion to reopen; ICE cancelled Petitioner's previously issued bond and issued an Order of Supervision (OSUP). Petitioner's motion to reopen was dismissed in October 2023. On June 15, 2026, Respondents reviewed Petitioner's file, deemed him subject to a final order or removal and thus "amenable to removal," as he had no pending applications affecting removal. On July 15, 2026, Petitioner filed a motion to reopen which is currently pending. On July 16, 2026, Petitioner reported to the ICE office as requested, was issued notice of revocation of his OSUP and a warrant for removal and detained.

2.      Respondent contends Petitioner is subject to 8 U.S.C. § 1231(a)(6) because a final order of removal was issued. Under Section 1231(a), a noncitizen who has been ordered removed must be detained during the 90-day removal period; a noncitizen who is not removed within this period must be released "subject to supervision under regulations prescribed by the Attorney General." *Id*. § 1231(a)(3). While certain noncitizens may be detained beyond the 90-day removal period, such noncitizens, if released, are subject to the same terms of supervision as under Section 1231(a)(3). *Id*. § 1231(a)(6).

3.      Respondents contends they may detain Petitioner under § 1231 for 90 days after entry of a final order of removal and can continue to detain him "if necessary to effectuate removal," for at least six months before detention is deemed presumptively unreasonably. There is no dispute more than 90 days have passed since entry of a final order of removal. However, Respondents argue since Petitioner has been detained for fewer than six months, his detention is not presumptively unreasonable, and even if the Court finds the six month "reasonable period has lapsed" Petitioner should not be released because he has not shown removal is not

reasonably foreseeable.

4.     Petitioner's claims raise the issue of whether Petitioner's redetention and the length of his detention violate due process. Under 8 C.F.R. § 241.13(i)(2), revocation of a noncitizen's release is allowed only if "there is a significant likelihood that the [noncitizen]1 may be removed in the reasonably foreseeable future." Respondent thus argues Petitioner was lawfully redetained because there is a significant likelihood he will be removed in the reasonably foreseeable future, and the current length of detention does not violate due process.

5.     The 'Notice of Revocation" that was issued in this case states:

> The purposes of release have been served.  On 04/22/2019, the Immigration Court ordered your removal and on 09/09/2020, the Board of Immigration Appeal dismissed your appeal. You filed Petition for Review the Ninth Circuit Court and it was denied on 10/27/2021.  You subsequently filed for motion to reopen with the Board of Immigration Appeal on 11/22/2022 and it was denied on 10/30/2023. Currently there is no stay of removal issued by the court that would impede your removal from the United States.

Dkt. 7, Exhibit H. This notice indicates a final order of removal became final three years ago and Petitioner's removability thus does not constitute a changed circumstance making Petitioner's removal reasonably foreseeable. *See* 8 C.F.R. § 241.13(i)(2). Moreover, the Notice fails to set forth any facts or explanation as to how or why Petitioner's removability is now reasonably foreseeable. When Respondents revoke release to effectuate a final order of removal, ICE must first show there is a significant likelihood of the alien's removal within the reasonably foreseeable future. *J.L.R.P. v. Wofford*, 2025 WL 3190589, at *1–2, 4–5 (E.D. Cal. Nov. 14, 2025) (ICE has burden to show a significant likelihood the noncitizen may be removed). Respondents fail to make this showing. Further, Respondents' claim they believe there are changed circumstances, or they can remove Petitioner are based upon insufficient conclusory statements. *See, e.g., Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 787 (D.

ORDER GRANTING HABEAS PETITION AND
ORDERING RELEASE WITHIN 24 HOURS - 3

Minn. 2025) ("Simply to say that circumstances had changed or there was a significant likelihood of removal in the foreseeable future is not enough. Petitioner must be told what circumstances had changed or why there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition."); *Saengphet v. Noem*, 3:25-cv-2909-JES-BLM, 2025 WL 3240808, at *6–7 (S.D. Cal. Nov. 20, 2025) (Notice stating ICE "has determined that you can be expeditiously removed from the United States pursuant to an outstanding order of removal against you" falls short of what is required under regulation and due process).

Even now, Respondents' response fails to set forth facts showing Petitioner's removal is reasonably foreseeable. Instead, Respondents simply aver "ICE expects to remove Petitioner to Mexico in the reasonably foreseeable future," and "[g]iven ICE's routine execution of removal orders to Mexico, and the absence of any apparent impediments at this time, Petitioner's removal remains readily foreseeable." Dkt. 6.

6.      As Respondents failed to follow their own regulations in revoking release, the redetention is unlawful, and the petitioner's release must be ordered. *See Luis Sanchez Alfonso v. Bondi*, 2026 WL 395326, at *6 (W.D. Wash. Feb 12, 2026) ("The remedy for Respondents' misconduct is Petitioner's immediate release from custody, "thereby returning [Petitioner] to the status quo before his release was improperly revoked." *Hoang v. Noem,* No. C25-3177, 2026 WL 89319, at *5 (C.D. Cal. Jan. 12, 2026) (finding ordering ICE to provide the "initial informal interview[,]" after "more than two months [of] re-detention, would not cure the violation suffered by" petitioner."); *Thisuca Del Cid v. Mullin*, 2026 WL 1295891 at * 5 (W.D. Wash. May 12, 2026). This Court accordingly finds release is the proper remedy.

ORDER GRANTING HABEAS PETITION AND
ORDERING RELEASE WITHIN 24 HOURS - 4

7.    Petitioner also submits[3] his redetention violates the due process clause and the violation should be examined under the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest given the procedures used and value of procedural safeguards; and (3) the Government's interest and burdens regarding additional procedural safeguards. *Id.* at 334-35. The Due Process Clause protects all persons within the United States, including noncitizens, whether their presence here is lawful, unlawful, or temporary. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Freedom from imprisonment lies at the heart of the liberty the Due Process Clause protects, *id*. at 690, and thus Petitioner who was under an OSUP has a constitutional liberty interest in his continued release from immigration detention. *See Sun v. Santacruz,* No. EDCV-25-02198-JLS-JCx, 2025 WL 2730235, at *5-6 (C.D. Cal. Aug. 26, 2025) (finding the petitioner had a "substantial" liberty interest in "remaining out of immigration custody" pursuant to an OSUP and granting a TRO enjoining the respondents from re-detaining the petitioner without a pre-detention hearing before a neutral adjudicator); *Yang v. Kaise*r, No. 2:25-CV-02205-DAD-AC (HC), 2025 WL 2791778, at *7-10 (E.D. Cal. Aug. 20, 2025) (same); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (holding an individual released on parole "took with him a liberty interest which is entitled to the full protections of the due process clause"); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 1189, 1202 (W.D. Wash. 2025) (weighing first *Mathews* factor in favor of petitioner previously released on OREC, recognizing a "fundamental interest that must be accorded significant weight".

8.    Respondents fail to meaningfully address the *Mathews* factors. The Court finds Petitioner has a strong interest in his continued liberty; the risk of erroneous deprivation is high

---

[3] *See* Opening Brief at 10-11.

ORDER GRANTING HABEAS PETITION AND
ORDERING RELEASE WITHIN 24 HOURS - 5

given Petitioner's long residence in the United States with his wife and children, compliance with reporting requirements and employment; and finally, the government's interest is low. The Court thus finds release should be directed under *Mathews*.

9. In sum, the Court finds Respondents violated Petitioner's due process rights by failing to comply with the requirements of the regulations governing revocation of his OSUP release order, and under the test set forth in *Mathews*. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

a. Petitioner's petition for writ of habeas corpus is **GRANTED**.

b. Respondents shall **RELEASE** Petitioner within 24 hours of the date and time this order is filed and return his personal possessions including identification documents.

c. Respondents shall file a **CERTIFICATION** Petitioner has been released no later than 48 hours of the date and time this order is filed.

d. The Court denies any blanket request that Respondents be enjoined from ever again redetaining Petitioner without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him, such as the commission of a qualifying. However, Respondents are **PROHIBITED** from redetaining Petitioner for invalid reasons or no reason at all.

ORDER GRANTING HABEAS PETITION AND
ORDERING RELEASE WITHIN 24 HOURS - 6

e.    Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute. If counsel requests EAJA fees be made directly to counsel, counsel should submit proof Petitioner has assigned EAJA fees and costs to counsel.

f.    The clerk shall provide a copy of this order to all counsel.

DATED this 11th day of August, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION AND
ORDERING RELEASE WITHIN 24 HOURS - 7